ELLA A. PREUSS, EXECUTRIX, ESTATE OF GUSTAV A. PREUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN H. JEWETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8737, 8738. Promulgated July 31, 1930.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioners.

*Ralph N. Scott, Esq.*, and *Edwin M. Niess, Esq.*, for the respondent.

[redacted]

## OPINION.

TRAMMELL: The first question to be decided, in so far as the inventory is concerned, is whether the partnership consisted of three individuals, or only two, for the period here involved. We think that the evidence establishes the fact that in so far as the purchase of the material here involved was concerned, the partnership consisted of only Preuss and Jewett. Hadden, while coming into the partnership again in June, 1919, had a specific understanding and agreement that he would have no interest in any transactions entered into while he was not a partner and would have no interest in any profits or losses resulting from goods purchased during his absence by the partnership. The goods involved here were of that classification and any profit or loss resulting from their purchase and sale was attributable only to Jewett and Preuss. So far as this case is concerned, Hadden had no interest in them or in any profits or losses therefrom. We think, therefore, that this transaction, involving goods purchased while Hadden was not a partner, although on hand while he was a partner, should affect the tax liability of only Jewett and Preuss.

With respect to the value of the dry egg albumen and the dry egg granulated yolk, four witnesses testified. From all the testimony we are of the opinion that the albumen owned by the petitioners on

December 31, 1919, had a value of 50 cents per pound, and that the granular yolk had a value of 20 cents per pound.

The testimony is not free from conflict. One witness testified that albumen was worth at the time involved from $1 to $1.25 per pound; another testified that it was worth from $1 to $1.10 per pound; another that it was worth from 35 cents to 40 cents per pound; and another that it was worth 50 cents per pound. The witnesses who testified, however, to the higher values of from $1 to $1.25 per pound apparently had in mind albumen of prime quality and referred to " siftings " not to exceed 20 per cent, whereas the albumen here involved had " siftings " as high as 30 per cent.

All the testimony discloses that the high percentage of " siftings " very materially affected value and we think, from all the testimony, considering the facts, the knowledge of the witnesses and their experience in such matters, that the valuation of 50 cents per pound more nearly reflects the true value of this particular product.

As to the granular yolk, we think that the testimony fairly supports the value of 20 cents per pound.

*Judgment will be entered under Rule 50.*